LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, New York 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| BIENVENIDO ALMANZAR, *on behalf of himself, FLSA Collective Plaintiffs and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| KON'TO EURO CARIBBEAN CUISINE CORP. d/b/a SEAWALK, and GREGORIO GONZALEZ, | |
| Defendants. | |

---

Plaintiff, BIENVENIDO ALMANZAR ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, KON'TO EURO CARIBBEAN CUISINE CORP. d/b/a SEAWALK (the "Corporate Defendant") and GREGORIO GONZALEZ (the "Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to invalid tip credit, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to invalid tip credit, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, BIENVENIDO ALMANZAR, is a resident of Bronx County, New York.

6. Corporate Defendant KON'TO EURO CARIBBEAN CUISINE CORP. d/b/a SEAWALK is a domestic business corporation with a principal place of business and an address for service of process located at 261 Dyckman Street, New York, New York 10034. Defendants operate Seawalk (the "Restaurant"), a restaurant specializing in seafood cuisine, through Corporate Defendant KON'TO EURO CARIBBEAN CUISINE CORP. d/b/a SEAWALK.

7. Individual Defendant GREGORIO GONZALEZ is a co-owner and principal of Corporate Defendant. GREGORIO GONZALEZ exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to

Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to GREGORIO GONZALEZ regarding any of the terms of their employment, and GREGORIO GONZALEZ would have the authority to effect any changes to the quality and terms of employees' employment. GREGORIO GONZALEZ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. GREGORIO GONZALEZ exercised functional control over the business and financial operations of the Corporate Defendant. GREGORIO GONZALEZ had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

8. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

10. At all relevant times, Defendants employed at least eleven (11) employees within the meaning of the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants, (including cooks, line cooks, food preparers, dishwashers, porters, servers, runners, bussers, among others), on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have

been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime, at one and a half times the regular rate for all hours worked over forty (40) in a workweek. A subclass of tipped employees has a claim for unpaid minimum wage and overtime due to an improperly deducted tip credit. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants, (including cooks, line cooks, food preparers, dishwashers, porters, servers, runners, bussers, among others), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees (the "Tipped Subclass") who also number more than forty (40).

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium for hours worked in excess of 40 per workweek, (ii) failing to pay spread of hours premium, and (iii) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. With regard to the Tipped Subclass, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. The Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip

5

credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) claimed a tip credit in excess of the statutory amount permissible, (iv) implemented an invalid tip pool, (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d.  Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

e.  Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

f.  Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

g.  Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

h.  Whether Defendants paid Plaintiff and Class members on a straight-time basis;

i.  Whether Defendants paid Plaintiff and Class members the New York State spread of hours premium when their workdays exceeded ten (10) hours;

j.  Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

k.  Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

l.  Whether Defendants caused Tipped Employees to engage in non-tipped duties exceeding 20% of each workweek;

m.  Whether Defendants took the proper amount of tip credit allowance for each payment period under the New York Labor Law;

n.  Whether Defendants established an invalid tip pooling arrangement by instituting an invalid tip pooling scheme in which the Tipped Subclass did not agree to; and

o. Whether Defendants provided proper wage statements informing the Tipped Subclass of the amount of tip credit taken for each payment period.

## STATEMENT OF FACTS

23. Plaintiff BIENVENIDO ALMANZAR:

(a) On or about April 28, 2017, Plaintiff BIENVENIDO ALMANZAR was hired by Defendants to work as a kitchen worker for Defendants at their "Seawalk" restaurant, located at 261 Dyckman Street, New York, New York 10034. Throughout Plaintiff's employment, he was employed in dual positions, as a porter and as a cook. Plaintiff was employed by Defendants until on or about December 31, 2018.

(b) Throughout Plaintiff BIENVENIDO ALMANZAR's employment, he regularly worked over forty (40) hours per workweek. Specifically, from in or around April 2017 through December 2017, Plaintiff BIENVENIDO ALMANZAR regularly worked approximately forty-eight (48) hours per week as follows, from 7:00 a.m. to 3:00 p.m., for six (6) days per week. From in or around January 2018 through September 2018, Plaintiff BIENVENIDO ALMANZAR regularly worked approximately seventy-eight (78) hours per week as follows, from 8:00 a.m. to 3:00 p.m. and then from 5:00 p.m. to 12:00 a.m. each workday, for six (6) days per week. From in or around October 2018 through the end of Plaintiff's employment, Plaintiff BIENVENIDO ALMANZAR regularly worked approximately thirty-six (36) hours per week as follows, from 10:00 a.m. to 4:00 p.m., for six (6) days per week. At all times, Plaintiff was off on Wednesdays. Throughout his employment with Defendants, Plaintiff BIENVENIDO ALMANZAR regularly worked without any breaks on a daily basis. When Plaintiff BIENVENIDO ALMANZAR was scheduled for a double shift and worked ten (10) or more hours in a given workday, he was not compensated his spread of hours premium.

9

(c) From the beginning of his employment to in or around September 2017, Plaintiff BIENVENIDO ALMANZAR was compensated on a straight-time basis at a rate of $13.00 per hour, for all hours worked. From in or around October 2017 through the end of Plaintiff's employment, Plaintiff BIENVENIDO ALMANZAR was compensated on a straight-time basis at a rate of $14.00 per hour for all hours worked.

(d) Throughout Plaintiff's employment with Defendants, Plaintiff BIENVENIDO ALMANZAR was compensated entirely in cash.

24. Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class members had similar work schedules, working over forty (40) hours per week, received similar hourly rates and were all compensated on a straight-time basis.

25. Plaintiff, FLSA Collective Plaintiffs and Class members were not paid at the overtime premium rate of time and one half of the regular hourly rate for each hour exceeding forty (40) hours per workweek. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members were required to clock-in and clock-out. However, Defendants had Plaintiff, FLSA Collective Plaintiffs and Class Members clock-in and clock-out under different names so that Defendants could avoid paying overtime premium. Throughout Plaintiff's employment, he was required to clock-in and out as "Humberto" when he was working as a porter, and he was required to clock-in and out as "Johnberto" when he was working as a cook. Defendants then compensated Plaintiff, FLSA Collective Plaintiffs and Class members on a straight-time basis for all hours worked even though they worked in excess of forty hours every week. As a result of Defendants' policy, Plaintiff BIENVENIDO ALMANZAR, FLSA Collective Plaintiffs and Class members were not paid their overtime premium rate because they were paid on a straight-

time basis for all of their hours worked for the relevant statutory period. As a result of Defendants' policy of compensating employees on a straight-time basis, Defendants also claimed a tip credit in excess of the statutory amount permissible for overtime hours for the Tipped Subclass.

26. At all times, the tipped subclass of FLSA Collective Plaintiffs and Tipped Subclass members were paid below the minimum wage, at an invalid "tip credit" minimum wage, and at an improper overtime premium rate for hours worked in excess of forty hours per workweek. Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement in violation of the FLSA; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek in violation of the FLSA and NYLL, (vi) implemented an invalid tip pool that the tipped employees did not agree to, (vii) implemented an invalid tip pool by including managers, (viii) failed to accurately track daily tips earned or maintain records thereof, (ix) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (x) failed to provide a proper wage statement with every payment of wages informing tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL. Defendants were also not entitled to claim a

tip credit allowance under either the FLSA or NYLL because Defendants claimed a tip credit in excess of the statutory amount permissible.

27. At all times, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were also required to engage more than 20% of their working time in non-tipped related activities. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

28. Plaintiff and Class members occasionally worked days that exceeded ten (10) hours in a given workday. However, Defendants unlawfully failed to pay Plaintiff and Class members their spread-of-hours premium for workdays that exceeded ten hours in length.

29. Defendants failed to properly provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive any wage notice either upon being hired or annually since the date of hiring, or they received a wage notice, but it was not in statutory compliance with the New York Labor Law.

30. Defendants were required to provide wage statements with every payment of wages, iteming all deductions taken. Defendants failed to satisfy the requirements under the NYLL because Defendants either failed to provide wage statements or they provided improper wage statements. With respect to Plaintiff and Class members, they did not receive wage statements and were paid entirely in cash.

31. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members.

32. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek to a subclass of FLSA Collective Plaintiffs and the Tipped Subclass. Defendants were not entitled to claim any tip credits under the FLSA of NYLL.

33. Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiff, FLSA Collective Plaintiffs and Class members, in violation of the NYLL.

34. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

35. Defendants failed to provide proper wage notices to employees at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this Class and Collective Action Complaint as fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are

covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

41. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

42. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage and proper overtime compensation to a subclass of FLSA Collective Plaintiffs for their hours worked. Defendants were not entitled to claim any tip credits under the FLSA

43. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of forty (40) hours per workweek.

44. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their proper wages in the lawful amount for all of their hours worked.

45. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their

proper wages when Defendants knew or should have known such was due.

47. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

50. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

51. Plaintiff reallege and reaver Paragraphs 1 through 50 of this Class and Collective Action Complaint as if fully set forth herein.

52. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants willfully violated the rights of Plaintiffs and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

54. Defendants failed to properly notify employees of their overtime rate, in direct violation of the New York Labor Law.

55. Defendants willfully violated Tipped Class members' rights by failing to pay them

proper wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits

56. Plaintiff's and Class members' regularly worked days that exceeded ten hours per day. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay spread of hours premium to Plaintiff and Class members for each day their workday exceeded ten (10) hours.

57. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to provide wage statements as required under the NYLL.

58. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

59. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the New York Labor Law;

d. An award of unpaid spread of hours premium due under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and spread of hours premium pursuant to the New York Labor Law;

g. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 28, 2019

                                        Respectfully submitted,

By: */s/ C.K. Lee*
      C.K. Lee, Esq.

      LEE LITIGATION GROUP, PLLC
      C.K. Lee (CL 4086)
      148 West 24th Street, Eighth Floor
      New York, NY 10011
      Tel.: 212-465-1188
      Fax: 212-465-1181
      *Attorneys for Plaintiff, FLSA Collective*
      *Plaintiffs and the Class*